**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL ANTHONY SHARP, | ) | CASE NO. 4:21 CV 520 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| USPS HR SHARED | ) | AND ORDER |
| SERVICES CENTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Michael Anthony Sharp filed this action in the Mahoning County Small Claims Court against the United States Postal Service HR Shared Services ("USPS"). Because Plaintiff's claims are brought against a federal government agency, the Defendant removed the case to this federal Court. Defendant filed a Motion to Dismiss under Federal Civil Procedure Rule 12(b)(1) for lack of subject matter jurisdiction. (Doc. No. 3). For the reasons stated below, that Motion is granted.

**I.    Background**

Plaintiff alleges that he is a USPS union representative and employee. Union dues are automatically renewed for a year and deducted from each pay check of a USPS employee. The employee may cancel his or her membership and opt out of paying dues for a period of one year by completing USPS Form 1187 and filing it with the union and the USPS. The form must be

received by the USPS and the union not more than 20 days and not less than 10 days before his or her anniversary date. At the conclusion of a year, payment of dues will begin again and membership in the union will be reinstated unless the employee once again completes and submits a USPS Form 1187 within the time period allotted.

  Plaintiff unsuccessfully attempted to cancel his dues and membership in August 2020, but it was deemed to be untimely. The USPS lists Plaintiff's anniversary date as August 3, making his cancellation form due to be received anytime from July 14 through July 24. Indeed, Plaintiff attaches as exhibits to his Complaint two USPS 1187 Forms from 1992 and 1993 that list August 3 as his anniversary date. These forms are initialed by a supervisor next to the anniversary date and are also stamped and initialed as received. Plaintiff contends he has a third USPS 1187 Form on file that lists August 12, 1994 as his signature date and August 17, 1994 as date it was received by the USPS and the union. This form is not initialed next to the August 17 date nor is it stamped and initialed as received by the USPS. Plaintiff attempted to submit a USPS 1187 Form on July 27, 2020. The USPS rejected it as untimely stating that his anniversary date is August 3, and his Form was due no later than July 24. Plaintiff contends that if the 1994 Form is used to calculate his anniversary date, his submission on July 27, 2020 would be timely. He does not allege whether he was a member of the union for the entire time from 1994 to 2020 or which date was used as his anniversary date for the past twenty-seven years. He asserts that by not accepting his USPS Form 1187, the Defendant breached their contract with him and illegally seized his property (union dues) in violation of his Fourth Amendment rights. He seeks cancellation of his union dues and refund of dues paid since August 12, 2020.

  Defendant filed a Motion to Dismiss for lack of subject matter jurisdiction under Federal

Civil Procedure Rule 12(b)(1). (Doc. No. 3). In their Motion, they contend that the United States, as a sovereign can only be sued if it consents to suit and that consent defines this Court's subject matter jurisdiction over the claim. They contend the Plaintiff has not asserted a cause of action for which the United States has consented to suit.

## II.     Standard of Review

A Rule 12(b)(1) Motion to Dismiss an action for lack of subject matter jurisdiction may be premised on a facial attack or a factual attack. *See Abdelkhaleq v. Precision Door of Akron*, No. 5:07cv3585, 2008 WL 3980339, at *2 (N.D.Ohio Aug. 21, 2008). A facial attack tests the adequacy of the Complaint, *Scheuer v. Rhodes*, 416 U.S. 232, 235-37, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), overruled on other grounds by *Davis v. Scherer*, 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984), while a factual attack evaluates the actual existence of subject matter jurisdiction, *Ohio Hosp. Ass'n v. Shalala*, 978 F.Supp. 735, 739 (N.D. Ohio 1997). The importance of this distinction has to do with the nature of the Court's consideration of the facts and allegations presented in connection with the Rule 12(b)(1) Motion. If the Motion presents a facial attack, the Court must take all of the material allegations in the Complaint as true and construe them in the light most favorable to the non-moving party. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir.1994) cert. denied. 513 U.S. 868, 115 S.Ct. 188, 130 L.Ed.2d 121 (1994) (citing *Scheuer*, 416 U.S. at 235-37, 94 S.Ct. 1683). In contrast, if the Motion presents a factual attack, then the Court is free to consider extrinsic evidence and may weigh the evidence of its own jurisdiction without affording the Plaintiff the presumption of truthfulness. *Abdelkhaleq*, 2008 WL 3980339 at *2 (citing *Ritchie*, 15 F.3d at 598); *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986); *see also Ernst v. Rising*, 427 F.3d 351, 372 (6th Cir. 2005). "[W]here

subject matter jurisdiction is challenged under Rule 12(b)(1) ... the Plaintiff has the burden of proving jurisdiction in order to survive the motion." *Rogers v. Stratton Indus., Inc*., 798 F.2d at 915.

### III.     Analysis

The United States, as a sovereign, cannot be sued without its prior consent, and the terms of its consent define the Court's subject matter jurisdiction. *McGinness v. U.S.*, 90 F.3d 143, 145 (6th Cir. 1996). A waiver of sovereign immunity must be strictly construed, unequivocally expressed, and cannot be implied. *U.S. v. King*, 395 U.S. 1,4 (1969); *Soriano v. U.S.*, 352 U.S. 270, 276 (1957). Congress defines the exact terms and conditions upon which the government may be sued. *United States v. Orleans*, 425 U.S. at 814; *Honda v. Clark*, 386 U.S. 484, 501 (1967). Plaintiff therefore must point to some statute waiving sovereign immunity for the type of suit which he is attempting to bring against the United States.

Plaintiff brings claims based on the Fourth Amendment and breach of contract. The Fourth Amendment claim would arise, if at all, in a *Bivens*[1] action. The United States has not consented to suit under *Bivens*. *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 70 (2001); *see Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994). Plaintiff's breach of contract claim could arise under several different statutes. The United States has waived immunity for some of those statutes but not for others. It is impossible for this Court to determine which, if any, of the statutes he is attempting to invoke. Although Plaintiff characterizes this as a breach of contract, he does not include facts to suggest what contract the

---

[1]     *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

Defendant allegedly breached. The form, itself does not appear to be a contract. Moreover, the dispute is over the date of Plaintiff's anniversary. Plaintiff has not cited to any authority that allows this Court to review that agency decision.

Finally, Plaintiff filed a document in state court after the Defendant removed the case to this Court indicating that he wanted to voluntarily dismiss his case. (Doc. No. 4). It is unclear whether he wanted to dismiss the entire action or whether he was acknowledging that it was removed to federal court. He states that he realized that he did not have standing to file the case in state court and asks the state court to cancel a hearing that had been scheduled. Because Plaintiff's language is ambiguous and can be read to support both interpretations, the Court liberally construes his filing as an acknowledgment that it was properly removed to federal court.

### IV.     Conclusion

Accordingly, Defendant's Motion to Dismiss (Doc No. 3) is granted, and this action is dismissed for lack of subject matter jurisdiction. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

*s/John R. Adams* 9/9/21
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.